UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

JARESIA DUNN-ZEPEDA,

    Plaintiff,

vs.

SUNSHINE APPAREL OF KEY WEST, INC.,
a Limited Liability Company, and
ARYEH FRIEDMAN, an Individual,

    Defendants.
_____/

# **COMPLAINT**

COMES NOW Plaintiff, JARESIA DUNN-ZEPEDA, by and through her undersigned counsel, and sues the Defendants, SUNSHINE APPAREL OF KEY WEST, INC. (hereinafter, referred to as "SUNSHINE APPAREL"), and ARYEH FRIEDMAN, individually, (hereinafter, collectively referred to as "Defendants") and allege as follows:

1. That Plaintiff, a former employee of the Defendants, brings this action to recover compensation and other relief under the Fair Labor Standards Act, as amended (the "FLSA"), 29 U.S.C. § 201 et seq.. The gravamen of this case is that the Plaintiff was retaliated against for pursuing his rights under the FLSA in violation of Federal law.

2. That jurisdiction is conferred on this Court by 29 U.S.C. § 215(a)(3) ("anti-retaliation provision"), 29 U.S.C. § 216(b), 28 U.S.C §§ 1331 and 1367, and 42 U.S.C. §2000e-5(f)(3).

3. That the unlawful employment practices alleged below occurred and/or were committed within this judicial district.

4. That at all times material hereto, Plaintiff was and is presently a resident of this judicial district, *sui juris* and otherwise within the jurisdiction of this Court.

1

5. That at all times material hereto, Defendants were the employers of the Plaintiff, were conducting business in this judicial district, and whether 'employers' or not under the FLSA, are still subject to the anti-retaliation provision of the FLSA. "The FLSA's prohibition on retaliation is broader than its coverage of minimum wage or overtime wage violations, and applies even if the employee cannot show 'individual coverage' or 'enterprise coverage.'" Obregon v. Jep Family Enterprises, Inc., 710 F. Supp. 2d 1311, 1314 (S.D. Fla. 2010); see Wirtz v. Ross Packaging Co., 367 F.2d 549, 550–51 (5th Cir.1966) (the "unambiguous language of the statute refutes the district court's view that either the employee or his employer must be engaged in activities covered by the [FLSA's] wage and hour provisions in order for the strictures against discriminatory discharge to be invoked.").

6. That at all times material hereto, Defendant, ARYEH FRIEDMAN individually, acted directly in the interests of his employer, the Defendant, SUNSHINE APPAREL, in relation to the Plaintiff, and this individual Defendant exercised the requisite legal control and otherwise administered the illegal acts as described herein on behalf of the Defendant, SUNSHINE APPAREL.

7. Plaintiff was employed as a sales associated since June of 2015.

8. During her employment, Plaintiff worked significant unpaid overtime for the Defendants, between 60-100 hours some weeks.

9. Yet, you paid her a flat rate of $424 per week, irrespective of overtime.

10. Taking an average of 80 hours per week, at her overtime rate of $15.90, Plaintiff is owed $636.00 per week.

11. Going back to August of 2016 through her termination date in May of 2018, Plaintiff is owed $57,876.00 in overtime.

12. Including liquidation, Plaintiff is owed over $100,000 in overtime damages alone.

13. Speaking of her termination, it only occurred because in May of 2018, Plaintiff complained to Defendant, ARYEH FRIEDMAN that she was not receiving overtime pay, and issues with her taxes being

withheld.

14. In retaliation, the Defendants terminated her employment.

15. There is no question that the Defendants retaliated against the Plaintiff for his complaints.

## COUNT I
## FLSA – OVERTIME-SUNSHINE APPAREL

Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 15 above.

16. Plaintiff is entitled to time and one half for each hour worked in excess of forty (40) hours per work week pursuant to the FLSA.

17. By reason of the intentional, willful and unlawful acts of the Defendant in violation of the FLSA, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff, JARESIA DUNN-ZEPEDA, demands judgment against the Defendant, SUNSHINE APPAREL, for all damages and relief under the FLSA, including attorneys' fees, costs and expenses, in addition to all other relief this Court deems just and proper.

## COUNT II
## FLSA – OVERTIME- ARYEH FRIEDMAN

Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 15 above.

18. Plaintiff is entitled to time and one half for each hour worked in excess of forty (40) hours per work week pursuant to the FLSA.

19. By reason of the intentional, willful and unlawful acts of the Defendant in violation of the FLSA, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff, JARESIA DUNN-ZEPEDA, demands judgment against the Defendant, ARYEH FRIEDMAN, for all damages and relief under the FLSA, including attorneys' fees, costs and expenses, in addition to all other relief this Court deems just and proper.

## COUNT III
## FLSA RETALIATION-SUNSHINE APPAREL

Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 15 of this Complaint.

20. The Defendant, SUNSHINE APPAREL's termination of Plaintiff was directly, and undisputedly, in retaliation for her complaints of FLSA violations.

21. The Defendant, SUNSHINE APPAREL terminated the Plaintiff for her lawfully having engaged in statutorily protected activity.

22. The Defendant, SUNSHINE APPAREL's conduct constitutes unlawful retaliation under the FLSA, and such actions were willful and malicious and, as a direct and proximate result of the Defendant's unlawful and retaliatory conduct, the Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff, JARESIA DUNN-ZEPEDA, demands judgment against the Defendant, SUNSHINE APPAREL, for all damages and relief under the FLSA, including attorneys' fees, costs and expenses, in addition to all other relief this Court deems just and proper.

## COUNT IV
## FLSA RETALIATION-ARYEH FRIEDMAN

Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 15 of this Complaint.

23. The Defendant, ARYEH FRIEDMAN's termination of Plaintiff was directly, and undisputedly, in retaliation for her complaints of FLSA violations.

24. The Defendant, ARYEH FRIEDMAN terminated the Plaintiff for her lawfully having engaged in statutorily protected activity.

25. The Defendant, ARYEH FRIEDMAN's conduct constitutes unlawful retaliation under the FLSA, and such actions were willful and malicious and, as a direct and proximate result of the Defendant's unlawful and retaliatory conduct, the Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff, JARESIA DUNN-ZEPEDA, demands judgment against the Defendant, ARYEH FRIEDMAN, for all damages and relief under the FLSA, including attorneys' fees, costs and expenses, in addition to all other relief this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff, JARESIA DUNN-ZEPEDA, demands trial by jury.

Dated: February 12, 2020.	Respectfully submitted,

Law Offices of Levy & Levy, P.A.
1000 Sawgrass Corporate Parkway, Suite 588
Sunrise, Florida 33323
Telephone: (954) 763-5722
Facsimile: (954) 763-5723
*Counsel for Plaintiff*

*/s/ Chad Levy*
CHAD E. LEVY, ESQ.
chad@levylevylaw.com
Secondary: assistant@levylevylaw.com
F.B.N.: 0851701